# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALLISON LEGROS,**<br>     **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-3050** |
| **BP AMERICAN PRODUCTION**<br>**COMPANY, ET AL.,**<br>     **Defendants** | **SECTION: "E" (1)** |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by Defendants BP Exploration & Production Inc. and BP America Production Company ("BP").[1] Plaintiff has not filed an opposition to the motion. Accordingly, the Court considers Defendants' statement of uncontested facts to be admitted pursuant to Local Rule 56.2. Although the dispositive motion is unopposed, summary judgment is not automatic, and the Court must determine whether Plaintiff has shown entitlement to judgment as a matter of law.[2]

## BACKGROUND

Plaintiff filed suit pursuant to the Back End Litigation Option ("BELO") approved in the DEEPWATER HORIZON Medical Benefits Class Action Settlement Agreement ("Medical Settlement") as part of the Deepwater Horizon Oil Spill Litigation, MDL 2179.[3] The Medical Settlement permits certain class members, including clean-up workers like

---

[1] R. Doc. 33.
[2] *See, e.g., Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006); FED. R. CIV. P. 56(a).
[3] R. Doc. 1; s*ee In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, No. 10-md-2179, R. Doc. No. 8217 (E.D. La. Jan. 11, 2013) (Order and Reasons Approving Medical Benefits Settlement Agreement); s*ee also* R. Doc. 33-4 (Medical Settlement excerpts).

Plaintiff, to sue BP for "Later-Manifested Physical Conditions," ("LMPCs") as defined in the agreement.[4] The agreement defines a LMCP as:

> a physical condition that is first diagnosed in a medical benefits class member after April 16, 2012, and which is claimed to have resulted from . . . exposure to oil, other hydrocarbons, or other substance released from the MC252 WELL and/or the *Deepwater Horizon* and its appurtenances, and/or exposure to dispersants and/or decontaminants used in connection with the response activities . . . .[5]

On November 29, 2012, Plaintiff was diagnosed with a meningioma in her sinus cavity, qualifying the condition as a LMPC.[6] BP moves for summary judgment on the grounds that Plaintiff has failed to produce evidence sufficient to support that her LMPC was caused by exposure to oil and/or other substances related to the DEEPWATER HORIZON blowout and/or response activities.[7]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[8] "An issue is material if its resolution could affect the outcome of the action."[9] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[10] All reasonable inferences are drawn in favor of the non-moving party.[11] There is no genuine issue of material fact if, even viewing the evidence in the light most

---

[4] R. Doc. 33-4 at
[5] R. Doc. 33-4 at 4-5.
[6] R. Doc. 1 at ¶¶11-14; R. Doc. 33-2 at 2.
[7] R. Doc. 33.
[8] FED. R. CIV. P. 56; *see also Celotex*, 477 U.S. at 322–23.
[9] *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[10] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[11] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[12]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." To satisfy Rule 56's burden of production, the moving party must do one of two things: "the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim" or "the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[13]

If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the non-movant's claim, or (2) affirmatively demonstrating that there is no evidence in the record to establish an essential element of the non-movant's claim.[14] If the movant fails to affirmatively show the absence of evidence in the record, its motion for summary judgment must be denied.[15] Thus, the non-moving party may defeat a motion for

---

[12] *Hibernia Nat. Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993) (citing *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147–48 (5th Cir. 1992)).
[13] *Celotex*, 477 U.S. at 322–24.
[14] *Id.* at 331–32 (Brennan, J., dissenting).
[15] *See id.* at 332.

summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[16] "[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim."[17] If the non-moving party fails to oppose the motion, all facts contained in the movant's statement of uncontested material fact are considered admitted.[18]

## LAW AND ANALYSIS

Under the Medical Settlement's terms, a Plaintiff bringing a BELO lawsuit for a LMPC must prove the following elements:

> (i) The fact of the diagnosis, i.e. whether the class member was correctly diagnosed with the alleged LMPC;
> (ii) The amount and location of oil, other hydrocarbons, and other substances released from the MC252 Well and/or the *Deepwater Horizon* and its appurtenances, and/or dispersants and/or decontaminants used in connection with the response activities and the timing thereof;
> (iii) The level and duration of the class member's exposure to oil, other hydrocarbons, and other substances released from the MC252 Well and/or the *Deepwater Horizon* and its appurtenances, and/or dispersants and/or decontaminants used in connection with the response activities and the timing thereof;
> (iv) Whether the class member's alleged LMPC was legally caused by his or her exposure to oil, other hydrocarbons and other substances released from the MC252 Well and/or the *Deepwater Horizon* and its appurtenances, and/or dispersants and/or decontaminants used in connection with the response activities;
> (v) Whether any alternative cause exists for the alleged later manifested physical condition; and

---

[16] *Id.* at 332–33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332–33, 333 n.3.
[17] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).
[18] LR 56.2

(vi) The amount, if any, of compensatory damages to which the class member is entitled.[19]

While a Plaintiff in a BELO lawsuit need not prove liability, a claimant must prove causation.[20] The Medical Settlement "unambiguously requires that a BELO claimant demonstrate that exposure to oil and/or other substances legally caused his or her physical condition in order to receive compensation for a LMPC."

In general, "when the conclusion regarding medical causation is not one within common knowledge, expert medical testimony is required to prove causation."[21] In the context of toxic tort suits under general maritime law, the Fifth Circuit has explained, "[a] plaintiff in such a case cannot expect lay fact-finders to understand medical causation; expert testimony is thus required to establish causation."[22]

According to BP's statement of uncontested facts, Plaintiff cannot prove her LMPC was legally caused by exposure to DEEPWATER HORIZON related substances.[23] BP's uncontested facts and Plaintiff's deposition reveal that none of Plaintiff's treating physicians connected her meningioma with her work on the oil spill.[24] Additionally, Plaintiff produced no expert reports or testimony connecting her meningioma with her

---

[19] R. Doc. 33-4 at 15-16; *see also Piacun v. BP Expl. & Prod.*, No. 15-cv-2963, 2016 WL 7187946, at *7 (E.D. La. Dec. 12, 2016) (finding the Medical Settlement "does not provide recovery for a physical condition not legally caused by a BELO claimant's exposure to oil and/or other substances used in connection with DEEPWATER HORIZON response activities").

[20] *Piacun*, 2016 WL 7187946, at *7; *see also In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, No. 10-md-2179, R. Doc. 13733 (E.D. La. Nov. 26, 2014); R. Doc. 33-4 at 15-16.

[21] *Cibilic v. BP Expl. & Prod.*, 2017 WL 1064954, at *1 (E.D. La. Mar. 21, 2017) (quoting *Lassiegne v. Taco Bell Corp.*, 202 F. Supp. 2d 512, 524 (E.D. La. 2002).

[22] *Seaman v. Seacor Marine, LLC*, 326 Fed. App'x 721, 723 (5th Cir. 2009).

[23] R. Doc. 33-2.

[24] R. Doc. 33-2; R. Doc. 33-5 at 8.

work on the oil spill, despite a deadline to produce expert reports by no later than September 14, 2018.[25]

A party moving for summary judgment may satisfy Rule 56's burden by demonstrating to the Court "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim."[26] Plaintiff has failed to oppose this motion and put forth any evidence that she may have of causation. As such, the evidence is insufficient to establish that Plaintiff's LMPC was legally caused by exposure to DEEPWATER HORIZON related substances.[27] Because Plaintiff cannot prove an essential element of her claim, Defendants are entitled to judgment as a matter of law.[28]

**IT IS ORDERED** that Defendants' motion[29] is **GRANTED**.

**New Orleans, Louisiana, this 4th day of October, 2018.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[25] R. Doc. 33-2; R. Doc. 28 at 2 (scheduling order setting the deadline for the production of expert reports).
[26] *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986).
[27] R. Doc. 33-2; R. Doc. R. Doc. 33-5 at 8.
[28] *Celotex*, 477 U.S. at 331.
[29] R. Doc. 33.